NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| 42 VENTURES, LLC,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>VINIT MAV; HE SHAN; HOSAM AZZAM; FAHD ALI; DOES, 1-10,<br><br>        Defendants-Appellees,<br><br> and<br><br>PATRICK REND, AKA Ivan Petrovic; PATRICK PETROV,<br><br>        Defendants. | No.   20-17305<br><br>D.C. No.<br>1:20-cv-00228-DKW-WRP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted July 9, 2021
Submission Vacated September 8, 2021
Resubmitted December 10, 2021
Honolulu, Hawaii

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellant 42 Ventures, LLC appeals from the dismissal for lack of personal jurisdiction of its trademark infringement claims against Appellees Vinit Mav, He Shan, Hosam Azzam, and Fahd Ali, four foreign individuals. Appellees have not appeared in court or filed any pleadings or briefs in this case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand.

For personal jurisdiction under Rule 4(k)(2) of the Federal Rules of Civil Procedure to comport with due process, three conditions must be met: (1) a nonresident defendant must either purposefully direct his activities to the United States or purposefully avail himself of the privilege of conducting activities in the United States; (2) the claim must arise out of or relate to those U.S.-related activities; and (3) exercising jurisdiction must be reasonable. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068, 1072 (9th Cir. 2017).

The first condition is not satisfied here. For intentional torts such as trademark infringement, a plaintiff must satisfy the first condition by showing either (1) that the tortious conduct occurred in the United States; or (2) that out-of-forum tortious conduct was purposefully directed to the United States. *See Freestream Aircraft (Berm.) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 604-06 (9th Cir. 2018). 42 Ventures has failed to plead facts showing either that the trademark infringement occurred in the United States or that Appellees purposely directed their infringement to the United States.

In *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1212 (9th Cir. 2020), we held, based on facts similar to those pleaded here, that a foreign defendant who unlawfully hosted copyrighted works on a website visited by U.S. users did not purposefully direct his activities to the United States. There is one fact that might distinguish this case from *Wanat*: 42 Ventures alleges that Appellees Mav and Azzam used U.S.-based web server companies to host their infringing content. *See id.* at 1212 n.8 (characterizing "reli[ance] on U.S.-based servers" as "action[] aimed at the United States" but explaining that the defendants had not used U.S.-based servers). Using servers in the United States to store and disseminate infringing content might qualify as in-forum use of a trademark, thus satisfying the first prong of the minimum contacts test by showing purposeful availment. And deliberately choosing servers in the United States to enable faster service to U.S.-based customers could indicate purposeful direction to the United States. *See id.* But because 42 Ventures did not allege that the servers were in fact located in the United States, as opposed to merely operated by U.S.-based companies (but perhaps located in other countries), we decline to resolve these novel questions at this stage.

We agree that the district court lacked personal jurisdiction on the facts

pleaded in the Complaint.[1]  But because 42 Ventures could plead jurisdictional

facts that might save its Complaint, the district court erred in dismissing the

Complaint without granting leave to amend.  *See Ariz. Students' Ass'n v. Ariz. Bd.
of Regents*, 824 F.3d 858, 871 (9th Cir. 2016).

Accordingly, we AFFIRM the district court's dismissal and REMAND with

instructions to grant leave to amend.

---

[1] The district court did not abuse its discretion when it denied an alternative motion
to transfer venue to the Northern District of California.  42 Ventures pleads no
facts that could show that Appellees availed themselves of California's benefits or
directed their actions to California.  *See Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218, 1223 (9th Cir. 2011) (concluding that "the jurisdictional analyses
under [California] law and federal due process are the same").